# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**FREDERICK FAY WROTEN, #260584,:**

    **Plaintiff,**                 :

**vs.**                            :      **CIVIL ACTION 20-0121-TFM-N**

**J. LANGFORD FLOYD, *et al.*,**      :

    **Defendants.**           :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*[1], filed an action under 42 U.S.C. § 1983, which has been referred to the

---

[1]      Plaintiff filed a motion to proceed without prepayment of fees with his complaint. (Doc. 2, PageID.38; *see also* Doc. 5, PageID.46). When he was ordered to pay a partial filing fee of $130.00 (Doc. 6, PageID.53), Plaintiff paid the $350.00 filing fee. (Doc. 7, PageID.56).

     Because Plaintiff did not pay the filing and administrative fees of $402 when he filed his complaint, but instead filed a motion to proceed without prepayment of fees, he is proceeding *in forma pauperis* in this action. A plaintiff proceeding *in forma pauperis* under 28 U.S.C. § 1915 is required to have his complaint screened. *See* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any *filing fee*, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.") (emphasis added).

     Furthermore, 28 U.S.C. § 1915A also provides an equivalent screening mechanism for an action filed by a prisoner against a governmental entity or official and does not distinguish between a prisoner who pays the filing fee or one who proceeds *in forma pauperis*. *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir.), *cert. denied*, 552 U.S. 994 (2007); 28 U.S.C. § 1915A(b) ('On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."). Under § 1915A(b), "the district court immediately ha[s] jurisdiction to review the complaint to decide whether it was required to dismiss it[.]" *Cooper v. U.S. Dep't of Treasury, DEA*, 2006 WL 637817, at *2 n.2 (11th Cir. 2006) (unpublished).

undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review, it is recommended that, prior to service of process, the federal claims in this action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii) and 1915A(b)(1) and (2) for failure to state a claim and because Defendants are immune to monetary relief, and the exercise of supplemental jurisdiction be declined.

## I. Proceedings.

### A. Second Amended Complaint.  (Doc. 14, PageID.100).

Before the Court is Plaintiff Frederick Fay Wroten's second amended complaint, which the Court ordered he file.  (Doc. 13, PageID.99).  In it, he names as Defendants Langford Floyd, a retired Circuit Court Judge for Baldwin County, Alabama; Judy Newcombe, the former District Attorney for Baldwin County; Clark Stankoski, a Circuit Court Judge for Baldwin County (*Id.* at 6-7, PageID.103-04); and Robert Wilters, the District Attorney for Baldwin County (Doc. 14-1 at 2, PageID.108).  Plaintiff alleges his claims arose on July 24, 2008 at the Baldwin County Circuit Court at his sentencing.  (Doc. 14 at 4, PageID.102; Doc. 14-1 at 5, PageID.111).

Plaintiff was indicted by Defendant Newcombe for first-degree rape (Count I), second-degree rape (Count II), first-degree rape (Count III), second-degree rape (Count IV), first-degree sexual abuse (Count V), second-degree sexual abuse (Count VI), first-degree sexual abuse (Count VII), and second-degree sexual abuse (Count

VIII).  (Doc. 14-1 at 4, 18, PageID.110, 124).  Before trial, Counts III and IV were nolle prossed because they were based on the same acts in Counts I and II.  (*Id.*).  Trial was held before Defendant Floyd, who cooperated or was in "concert" with Defendant Newcombe, on the remaining counts even though one sexual abuse allegation "was based upon an allegation which transpired in Ohio, and not in Alabama."  (*Id.* at 4, 5, 19, PageID.100, 103, 125).  The arrest warrant stated that the victim was 10 to 11 years old at the time, but at that age neither the victim nor Plaintiff lived in Alabama.  (*Id.* at 5, PageID.111).  At trial, the victim testified that Plaintiff and she did not move to Alabama until she was 13 years old.  (*Id.*).

Following the jury's verdict, the trial court adjudicated him guilty on all counts in the indictment "as found by the jury."  (*Id.*).  But before sentencing on July 24, 2008, defense counsel filed a motion for arrest of judgment for double jeopardy violations.  (*Id.*).  With the State acknowledging the issue, the trial court granted the motion and held that Plaintiff could not be found guilty on Counts II, VI, and VIII.  (*Id.*).  Plaintiff was sentenced to life imprisonment for rape (Count I) and to a ten-year sentence on each sexual abuse conviction (Counts V and VII), to be served consecutively.  (*Id.*).

Almost ten years later, on April 4, 2018, Plaintiff filed a Rule 32 petition claiming his convictions were obtained in violation of the double-jeopardy prohibition and, therefore, the trial court was without jurisdiction to render judgment and impose sentence and did not have subject-matter or personal jurisdiction over the offense that transpired in Ohio.  (*Id.* at 6, PageID.112).

Defendant Stankoski summarily denied his Rule 32 petition despite his argument that he was found guilty on all counts by the jury immediately after the verdict was returned and that he was arrested and indicted for the Ohio offense. (*Id.* at 6, 19, PageID.112, 125). He further claimed as a result, he was denied his due process right to a fair trial. (*Id.* at 7, PageID.113). Defendant Wilters represented the State and is alleged to have engaged in the "same . . . conduct as Defendant Stankoski." (*Id.* at 19, PageID.125).

Plaintiff appealed the Rule 32 dismissal to the Alabama Court of Criminal Appeals. (*Id.*). On appeal, Plaintiff raised three issues: (1) his convictions violated the prohibition against double jeopardy; (2) he was tried and convicted of one count of first-degree sexual abuse that occurred in Ohio; and (3) these errors prejudiced him by denying him a right to a fair trial. (*Id.*). Throughout the appellate process, he alleges the State and the appellate courts have not responded to these issues, thereby denying him the "right to redress." (*Id.* at 9, PageID.114).

Furthermore, in response to the complaint form's questions, Plaintiff indicates that his convictions and sentences have not been reversed, expunged, invalidated, or had the writ of habeas corpus granted. (Doc. 14 at 7, PageID.106).

For relief, Plaintiff seeks a declaratory judgment, $250,000 in compensatory damages from each Defendant, and $5[ ]0,000 in punitive damages from each Defendant, attorney fees, and any other relief to which he is entitled. (Doc. 14 at 7, PageID.105; Doc. 14-1 at 20, PageID.126).

### B. Plaintiff's Convictions' Litigation History.

Prior to filing the present § 1983 action, Plaintiff filed a petition for the writ of habeas corpus, *Wroten v. Warden Gordy,* CA No. 16-0406-CG-C (S.D. Ala. 2017), 2016 WL 8787117.[2]  The petition was denied as being barred by the one-year statute of limitations.  (Docs. 11, 18).  The report and recommendation detailed Plaintiff's litigation history of his 2008 conviction for first-degree rape, of his two convictions for first-degree sexual abuse, and their sentences.  (Doc. 11 at 1-2, PageID.175-176).  (That is, the Alabama Court of Criminal Appeals affirmed Plaintiff's convictions and sentences on December 11, 2009, *Wroten v. State,* 64 So.3d 1151 (Ala. Crim. App. 2009) (table), *reh'g denied*, 75 So.3d 1225 (Ala. Crim. App. 2010) (table), and the Alabama Supreme Court denied his petition for writ of certiorari and issued the certificate of judgment on March 5, 2010, *Ex parte Wroten,* 76 So.3d 877 (Ala. 2010).)  The report and recommendation was adopted with modifications, the action was dismissed as time-barred, and he was denied leave to proceed *in forma pauperis* on appeal.  (Docs. 17, 18, PageID.222, 231, 2017 WL 1423945).  Subsequently, the Eleventh Circuit Court of Appeals denied his motion for a certificate of appealability and his motion to appeal *in forma pauperis.*  (Doc. 30, PageID.361, 2017 WL 5665437).  And the United States Supreme Court denied his petition for writ of certiorari, *Wroten v. Gordy,* 138 S.Ct. 1272 (Mar. 5, 2018) (mem.).

---

[2] The Court is taking judicial notice of its records, *Nguyen v. U.S.*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and the online records of the state court, *Paez v. Sec'y, Fla. Dep't of Corr.,* 947 F.3d 649, 651-52 (11th Cir.) (citing *Cunningham v. Dist. Atty's' Office,* 592 F.3d 1237, 1255 (11th Cir. 2010)), *cert. denied, Paez v. Inch,* 141 S.Ct. 309 (2020).

In addition, in *Wroten v. State,* 302 So.2d 274 (Ala. Crim. App. Apr. 5, 2019) (affirming) (table), *cert. denied, Ex parte Wroten,* 312 So.3d 15 (Ala. Aug. 8, 2019) (table), the Alabama Court of Criminal Appeals affirmed the dismissal of Plaintiff's second Rule 32 petition. In its opinion, the appeals court recounted Plaintiff's convictions' history. (Alacourt.com last visited July 21, 2021; CR-18-0217, Baldwin Circuit Court CC04-2408.61)). Plaintiff's first Rule 32 petition was filed on April 10, 2015, and was summarily dismissed on October 16, 2015, as time-barred pursuant to Rule 32.2(c) (citing *Wroten v. State,* 222 So.3d 413 (Ala. Crim. App. 2015) (table)). The second Rule 32 petition was filed on April 2, 2018 and was before the appeals court on the trial court's summary dismissal that the grounds in the petition were time-barred and previously addressed at trial. On April 5, 2019, the appeals court affirmed the trail court's decision for the reasons noted by the trial court. On August 9, 2019, the appeals court entered a certificate of judgment.

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is screening his second amended complaint (Doc. 14) under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under §§ 1915(e)(2)(B)(i) and 1915A(b), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," nudging the "claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. at 1965, 1974 (second brackets in original). More is required of a plaintiff's allegations than "the-defendant-unlawfully-harmed-me accusation," "labels and conclusions," or a "recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). The court treats factual allegations as

true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Discussion.

### A. Action Is Barred Under *Heck*, *Balisok*, and *Wilkinson*.

The decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and its progeny control the disposition of this action. The Supreme Court in *Heck* "specifie[d] that a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005). The *Heck* Court ruled that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 487, 114 S.Ct. at 2372.

The *Heck* Court denied the existence of a § 1983 cause of action for damages that would invalidate a conviction or sentence that had not previously been

invalidated. *Id.* at 489, 114 S.Ct. at 2372. The situation was analogized by the *Heck* Court to an action for malicious prosecution which "does not accrue until the criminal proceedings have terminated in the plaintiff's favor[.]" *Id.* at 489, 114 S.Ct. at 2374. Thus, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90, 114 S.Ct. at 2374. After *Heck,* in *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court applied *Heck*'s rationale to a request for declaratory relief because the claim would "necessarily imply the invalidity of the punishment imposed" and found that it is not cognizable under § 1983. *Id.* at 648, 117 S.Ct. at 1589. Then, later, in *Wilkinson*, *supra*, "the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence] )—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007)[3] (quoting *Wilkinson*, 544 U.S. at 81-82, 125 S.Ct. at 1248).

In the present action, Plaintiff challenges the constitutionality of his convictions on double jeopardy grounds, one conviction for lack of subject matter

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

jurisdiction, and because of these deficiencies, he was denied a fair trial, notwithstanding his contention that he is not challenging his convictions and sentences. (*See* Doc. 14-1 at 8, PageID.114). Despite Plaintiff's contention to the contrary, the grounds raised by Plaintiff challenge the constitutionality of his convictions, because if successful, they would invalidate his convictions, which would result in his re-trial or release. *See Okoro v. Callaghan,* 324 F.3d 488, 491 (7th Cir.)("It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."), *cert. denied,* 539 U.S. 910 (2003).

Thus, the Court cannot rule on his claims in this action at this time because there has been no showing that his conviction for first-degree rape and his two convictions for first-degree sexual abuse have been invalidated by being "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87, 114 S.Ct. at 2372. Until invalidation occurs, a cause of action does not exist under § 1983. *Id.* at 486, 129 S.Ct. at 2372. Therefore, Plaintiff's claims that his conviction for first-degree rape and his two convictions of first-degree sexual abuse are violative of the Constitution are not ripe and therefore cannot proceed in this § 1983 action. *See Jamerson v. Sec'y, Dep't of Corr.,* 774 F. App'x 623 (11th Cir. 2019) (affirming the *sua sponte* dismissal of the inmate's claim that *Heck* cannot bar his

claim because the state trial court failed to address his conviction's jurisdictional issue, as a "§ 1983 action cannot be used to collaterally attack a conviction or sentence unless the underlying conviction or sentence" has been invalidated in a manner prescribed by *Heck*).  Consequently, Plaintiff's claims fail to state a claim upon which relief can be granted.  Therefore, this action is due to be dismissed without prejudice. *Balisok*, 520 U.S. at 649, 117 S.Ct. at 1589 ("a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed"); *Petersen v. Overstreet,* 819 F. App'x 778, 780 (11th Cir. 2020) (a dismissal under *Heck* is without prejudice when claims are not ripe).

### B. Alternate Reasons for Dismissal.

### 1. Judicial Immunity.

In a "1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978) (citation omitted).  And, in 1996, section 1983 was amended and now "explicitly immunizes judicial officers against suits for injunctive relief." *Velasquez Andres v. Keyser,* 777 F. App'x 392, 396 (11th Cir. 2019); *see* 42 U.S.C. § 1983 ("[I]njunctive relief shall not be granted" against a judge who was acting in his judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable.").  A judge is entitled to judicial immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction. *Stump*, 435 U.S. at 356, 98 S.Ct. at 1105.  Furthermore, a judge's

jurisdiction is to be construed broadly. *Id.*

To determine if the acts committed by Defendants Floyd and Stankoski were judicial acts, it is necessary to examine the factual allegations in the second amended complaint against them. The Court's complaint form directs that the "complaint should not contain legal arguments, case law or statutory citations. You are required to provide facts." (Doc. 14 at 2, ¶ E, PageID.100). However, much of the second amended complaint is argument which includes law and citations. Thus, the Court must sift through them and unsupported conclusions to extract the facts. *See Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1949-50 (the court begins its analysis by identifying and discounting those allegations that are conclusions which are not entitled to a presumption of truth).

The acts complained about that were committed by Defendant Floyd are for conducting Plaintiff's trial, adjudicating him guilty on all counts in the indictment as found by the jury, granting the State's motion for arrest of judgment, and sentencing him on three counts, one count of first-degree rape and two counts of first-degree sexual abuse.[4] (Doc. 14-1 at 4-5, PageID.110-111). These are typical

---

[4]     The allegation that Defendant Floyd cooperated or acted "in concert" with Defendant Newcombe is not a fact but is a conclusion with no supporting facts. Elsewhere Plaintiff alleges that Defendants worked "in concert" for his conviction and "in unison" to deprive him of the knowledge that his trial violated double jeopardy (Doc. 14-1 at PageID.120) and committed "willful cooperative acts." (*Id.* at 20, PageID.22).
        If Plaintiff intended to allege a conspiracy between certain parties, he must clearly identify the parties and "must show that the parties 'reached an understanding' to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy." *Bailey v. Bd. of Cnty. Comm'r of Alachua Cnty.*, 956 F.2d 1112, 1122 (11th Cir.) (citation and internal quotation marks omitted) (noting "the linchpin for conspiracy is agreement"), *cert. denied*, 506 U.S. 832 (1992). A claim for a conspiracy has not been stated by Plaintiff.

12

judicial acts taken by a judge in a criminal case before him. *See Stump*, 435 U.S. at 362, 98 S.Ct. at 1107 (a judicial act is "a function normally performed by a judge, and to the expectations of the parties, i.e., . . . they dealt with the judge in his judicial capacity). Defendant Floyd was therefore acting in his judicial capacity. Thus, the first prong of the judicial immunity test is satisfied.

The other prong that must be satisfied is that Defendant Floyd did not act "in the clear absence of all jurisdiction." *Stump,* 435 U.S. at 357, 98 S.Ct. at 1105. Absence of jurisdiction was explained by the *Stump* Court "with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump,* 435 U.S. at 357 n.7, 98 S.Ct. at 1105 n.7 (citing *Bradley v. Fisher*, 13 Wall. 335, 352, 20 L.Ed.2d 646 (1872)). "The precedents of both the Supreme Court and the Eleventh Circuit tie judicial immunity directly to the subject-matter jurisdiction of the court[.]" *William B. Cashion Nevada Spendthrift Trust v. Vance*, 552 F. App'x 884, 887 (11th Cir. 2014).

In Alabama, a circuit court judge is granted exclusive original jurisdiction over all felony prosecutions. ALA. CODE § 12-11-30(2) (1975) ("The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or

which arise from the same incident as a felony charge[.]"); *see* ALA. CODE § 13A-1-2(8) (defining a felony to be "[a]n offense for which a sentence to a term of imprisonment in excess of one year"). In Alabama, first-degree rape is a Class A felony, Ala. Code § 13A-6-61(b) (1975); second-degree rape is a Class B felony, Ala. Code § 13A-6-62(b); first-degree sexual abuse is a Class C felony, Ala. Code § 13A-6-66; and second-degree sexual abuse is either Class A misdemeanor or a Class C felony, Ala. Code § 13A-6-67(b) or (c). Inasmuch as the charges against Plaintiff were felonies and he was eventually convicted on one count of first-degree rape and on two counts of first-degree sexual assault, Defendant Floyd was acting within his jurisdiction as a circuit court judge with respect to Plaintiff's claims. The fact that there may have been error in the handling of Plaintiff's criminal cases does not prevent judicial immunity from attaching. *Stump*, 435 U.S. 359, 98 S.Ct. at 1106 ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *see Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir.1988) ("The applicability of judicial immunity does not depend on the determination of nice questions of jurisdiction.") (internal quotation marks omitted). Because both prongs of the *Stump* test are satisfied, Defendant Floyd is entitled to absolute judicial immunity from Plaintiff's damages claims. Accordingly, Plaintiff's damages claims against Defendant Floyd are due to be dismissed.

Defendant Stankoski, a circuit court judge, was the judge who handled Plaintiff's Rule 32 proceeding and summarily denied his petition. (Doc. 14 at 6,

PageID.104, Doc. 14-1 at 5, PageID.112). Plaintiff alleges that the denial "sustain[ed] the civil rights and constitutional violations" committed by the trial court, that is, violating the prohibition against double jeopardy and convicting him for an offense that occurred in Ohio, which resulted in Plaintiff being denied a fair trial. (Doc. 14 at 6, PageID.104, Doc. 14-1 at 5-6, PageID.112-113). This is the extent of the scant allegations against Defendant Stankoski.

Ruling on a Rule 32 petition presented to the circuit court is a typical judicial act that was carried out by Defendant Stankoski, as an Alabama circuit court judge. *See Ex parte Marshall,* 2020 WL 5743227, at *9 (Ala. Sept. 25, 2020) (acknowledging that a circuit court judge enters rulings on Rule 32 petitions). Thus, Defendant Stankoski was acting in his judicial capacity, thereby satisfying the first prong of the judicial immunity test.

The other prong of the judicial immunity test inquires into whether Defendant Stankoski was acting in the clear absence of all jurisdiction. As an Alabama circuit court judge, he has exclusive original jurisdiction over all felony prosecutions. ALA. CODE § 12–11–30(2) (1975). A circuit court judge also rules on Rule 32 petitions and related matters. ALA.R.CRIM.P. 32.1, Committee Comments ("Postconviction petitions may be filed in the court of original conviction by any defendant who has been convicted of a criminal offense."); *Bendolph v. Alabama,* 2013 WL 4501345, at *3 (S.D. Ala. 2013) (unpublished) (finding that an Alabama circuit court judge had jurisdiction to rule on post-trial proceedings); *Jones v. State*, 773 So.2d 507, 509 (Ala. Crim. App. 2000) (transferring petition to Baldwin County

where the conviction occurred).  Thus, Defendant Stankoski acted within his jurisdiction when he ruled on Plaintiff's Rule 32 petition challenging his felonies for which he was convicted in the Baldwin County Circuit Court.  Inasmuch as both prongs of *Stump* test have been satisfied, Defendant Stankoski is entitled to judicial immunity.  *See Waterfield v. Law*, 546 F. App'x 841, 843 (11th Cir.) (holding the judges were entitled to judicial immunity from plaintiff's damages for ruling on his post-conviction motion, and the request for injunctive relief did not state a claim because it was not cognizable under § 1983), *cert. denied,* 572 U.S. 1150 (2014).  As a consequence, the damages claims against Defendant Stankoski are due to be dismissed.

In addition, Defendants Floyd and Stankoski are entitled to judicial immunity on any claims for injunctive relief.  *See* 42 U.S.C. § 1983.  Therefore, such claims against them are due to be dismissed.

## 2. Prosecutorial Immunity.

In a § 1983 action, a prosecutor is entitled to absolute prosecutorial immunity from damages for performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993).  He is protected with absolute immunity in order not to "impair the performance of a central actor in the judicial process."  *Malley v. Briggs*, 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986).  This immunity encompasses acts or omissions associated "with the judicial phase of the criminal process," particularly, those taken in initiating a prosecution and in presenting the

government's case.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *Fullman v. Graddick*, 739 F.2d 553, 558-59 (11th Cir. 1984).

"[T]he absolute immunity doctrine has evolved such that even wrongful or malicious acts by prosecutors are allowed to go unredressed in order to prevent a flood of claims against the remainder of prosecutors performing their duties properly." *Hart v. Hodges,* 587 F.3d 1288, 1298 (11th Cir.), *cert. denied*, 560 U.S. 953 (2010).  This includes instituting prosecution with a malicious intent, *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013), or charging a person with a criminal offense in the absence of probable cause, *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1281 (11th Cir. 2002), or bringing criminal charges with no investigation.  *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).  Consequently, "[a] prosecutor is absolutely immune from suit for malicious prosecution." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

Plaintiff alleges that Defendant Newcombe, the former Baldwin County District Attorney, authorized the presentation of the Ohio offense to an Alabama grand jury, which handed down an indictment causing his prosecution on the Ohio offense, even though jurisdiction was lacking.  (Doc. 14-1 at 18, PageID.125).  As alleged, Defendant Newcombe's act is an act intimately associated the prosecution of the State's case for which she is entitled absolute prosecutorial immunity from damages.

In addition, Defendant Wilters was the District Attorney when Plaintiff filed

his Rule 32 petition. (*Id.* at 19, PageID.125). Defendant Wilters is alleged to have "engaged in the same and similar conduct as defendant Stankoski" to sustain a violation of his federal rights. (*Id.*). The allegations against Defendant Wilters indicate that he represented the State on Plaintiff's Rule 32 petition, but his other actions were not specifically alleged and therefore cannot be determined, although they must center on the Rule 32 proceeding as the allegations against Defendant Stankoski are simply concerned with the Rule 32 petition's denial. In his role as advocate for the State, Defendant Wilters is due to be granted prosecutorial immunity as his role was intimately associated with associated the State's prosecution of the case and the case's continuation. *Imbler*, 424 U.S. at 430–31, 96 S.Ct. at 995. *See Ellibee v. Fox*, 244 F. App'x 839, 844-45 (10th Cir. 2007) ("Absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate.")(citation and internal quotation marks omitted); *Wright v. Pearson,* 747 F. App'x 812, 814 (11th Cir. 2018) (a prosecutor was entitled to prosecutorial immunity for her acts opposing the plaintiff's request in his post-conviction proceedings to perform DNA testing on certain evidence); *Allen v. Thompson*, 815 F.2d 1433, 1434 (11th Cir.1987) (a prosecutor was entitled to absolute immunity for a letter written to the Parole Commission because this act was "intimately associated with the judicial phase of the criminal process and was a continuation of the sentencing process); *Bruce v.*

18

*Wade*, 537 F.2d 850, 852 (5th Cir.1976) (a prosecutor was entitled to absolute immunity for filing allegedly false affidavits in the plaintiff's federal habeas proceeding).  Accordingly, the damages claim against Defendant Wilters is due to be dismissed.

### 3. Unavailability of Declaratory and Injunctive Relief.

In addition to damages, Plaintiff requests the Court to "rule" that Defendants violated his civil rights "as cited" and consequently his convictions were obtained in violation of certain constitutional rights and State law (Ala. Code §§ 15-2-1, 2). (Doc. 14-1 at 20, PageID.126).  Providing these requests a liberal construction, the Court construes them as a request for declaratory relief.  (*See also* Doc. 14-1 at 1, PageID.107, explicitly requesting declaratory relief).  However, declaratory or injunctive relief are not available to an inmate in a § 1983 action challenging the fact or duration of confinement.  *See Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995) (declaratory and injunctive relief claims challenging the validity of a conviction and seeking release are not cognizable in a civil rights action as they sound in habeas and therefore were properly dismissed).  Instead, federal habeas relief or state-court relief must be sought.  *Maps v. Miami Dade State Atty.*, 693 F. App'x 784, 786-87 (11th Cir. 2017).  Furthermore, regarding any state law claims that Plaintiff is bringing, *see* Alabama Code violations (Doc. 14-1 at 11, 12, 20, PageID.115, 116,126), it is recommended that the Court decline to exercise its supplemental jurisdiction over them as no federal claims remain in this action. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004); *see Little v.*

*Dean*, 606 F. App'x 581, 582 (11th Cir. 2015) (same); 28 U.S.C. § 1367.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that, prior to service of process, the federal claims in this action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii) and 1915A(b)(1) and (2) for failure to state a claim and because Defendants are immune to monetary relief, and the exercise of supplemental jurisdiction be declined.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for

the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 23rd day of July, 2021.

/s/ KATHERINE P. NELSON
**UNITED STATES MAGISTRATE JUDGE**